UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN 32, LLC, and
I. E. DEVELOPMENT, LLC

        Plaintiffs,

vs.

        Case No. 25-CV-10273

        Honorable Nancy G. Edmunds

TRAVELERS INSURANCE CO.,
NORTHFIELD INSURANCE CO.,
and DORAN EXCAVATING
ENTERPISES, LLC,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' TRAVELERS INS. CO.
AND NORTHFIELD INS. CO.'S MOTION FOR PARTIAL DISMISSAL [11]
AND MOTION FOR PARTIAL SUMMARY JUDGMENT [25]**

Plaintiffs Michigan 32, LLC (MI 32) and I. E. Development, LLC (IED) filed this action against Defendants Travelers Insurance Co. (Travelers), Northfield Insurance Co. (Northfield) and Doran Excavating Enterprises, LLC (Doran), alleging breach of contract (Count I) and negligence (Count II). The dispute arises out of a fire that damaged a building owned by MI 32 and personal property owned by IED that was stored inside the building. The matter is before the Court on Travelers' and Northfield's motion for partial dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 11), and motion for partial summary judgment under Rule 56(a) (ECF No. 25). Defendant Doran did not join in either motion. Plaintiffs filed a response in opposition to Defendants' motion for partial dismissal (ECF No. 17), and Defendants filed a reply (ECF No. 18). Plaintiffs did not file a response to

Defendants' motion for partial summary judgment. Upon a careful review of the written submissions, the Court deems it appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2). For the reasons set forth in this Opinion and Order, Defendants' motion for partial dismissal is GRANTED such that IED and Travelers are dismissed from the breach of contract claim as they are not parties to the insurance policy. Plaintiffs' negligence claim is dismissed in its entirety for failing to state a claim upon which relief can be granted. Defendants' motion for partial summary judgment is GRANTED, resulting in the dismissal of Plaintiffs' breach of contract claim against Northfield. The case is dismissed with prejudice and judgment will enter in favor of Defendants.

## BACKGROUND

On June 14, 2023, a fire caused damage to a building on MI 32's property located in Washington Township, Michigan (Property). The building was vacant aside from some crypto-mining equipment owned by IED which was being stored there. At the time of the fire, Northfield insured the Property under a Commercial Insurance Policy (Policy). Following the fire, MI 32, the only insured named on the Policy, submitted a claim under the Policy. Northfield denied the claim, rescinded the Policy, and commenced a Declaratory Judgment action in this Court. *Northfield Insurance Company v. Michigan 32, LLC*, Case No: 2:24-cv-12822. The Court has now fully adjudicated the Declaratory Judgment action, holding that: (1) only MI 32 and Northfield were parties to the Policy; (2) MI 32 breached a condition precedent to coverage under the Policy, triggering an exclusion which precludes all coverage for the fire loss; and (3) MI 32's

2

material misrepresentations in its applications voided the Policy *ab initio*. (*Id*. at ECF No. 11.)

During the claim evaluation process, Doran was engaged to provide access to the building so it could be inspected. Plaintiffs allege Doran's actions caused further physical damage to the building, which resulted in its collapse and allowed thieves to steal the crypto-mining machines. Plaintiffs contend that the damage caused by the fire was reparable, but Doran's actions weakened the structure such that the building must be demolished and completely rebuilt.

In Count I, Plaintiffs allege that Northfield and Travelers breached the insurance contract by wrongfully denying coverage and other obligations under the Policy provisions. In Count II, Plaintiffs allege Defendants negligently performed duties owed to MI 32 and IED as the intended third-party beneficiaries of undisclosed contracts between Travelers and Northfield related to adjusting MI-32's claim following the fire, and undisclosed contracts Travelers and Northfield had with Doran for excavating the building following the fire.

## ANALYSIS

I.    **Motion for Partial Dismissal**

    A.    **Standard of Review**

To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." Fed. R. Civ. P. 12(b)(6). The court can consider a contract that is central to the plaintiff's claims and referenced in the complaint, even if it is not attached

3

to the complaint. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). Where the relevant contract contradicts allegations in the complaint, the contract language governs. *See Land and Buildings Invest. Mgmt., LLC v. Taubman Ctrs., Inc.*, 751 Fed. Appx. 612, 617 (6th Cir. 2018) ("Because L&B's breach-of-contract claim is belied by the clear terms of the very contract on which it is based, L&B has not stated a plausible claim.").

### B.  Breach of Contract

The first count in the Complaint alleges breach of contract based on Northfield's and Travelers' breach of the Policy which resulted in damages to MI 32 and IED. Defendants argue that the breach of contract claim must be dismissed as brought by IED and as asserted against Travelers because neither was a party to the Policy issued by Northfield.

An insurance policy is a contractual agreement between the insured and the insurer. *Farm Bureau Ins. Co. v. TNT Equip., Inc.*, 328 Mich. App. 667, 672–73 (2019). Plaintiffs acknowledge that Travelers and IED were not parties to the Policy. (ECF No. 17, PageID.299, 304, 307.) Even so, Plaintiffs argue that the breach of contract claim against Travelers should not be dismissed based on its alleged involvement in adjusting MI 32's fire loss claim. Plaintiffs' allegations against Travelers are not based on the Policy, but rather on "presently undisclosed contracts" between Travelers and Northfield by which Travelers "conducts all underwriting for their individual customer, being prospective insureds, and all claims handling/adjusting duties for each specific insured. (Compl. ¶ 8; ECF No. 1, PageID.4.)

4

Courts applying Michigan law have repeatedly held that plaintiffs lack Article III standing to state a breach of contract claim against an entity that was not a party to the insurance contract. Entities and individuals acting as "adjusters" cannot be sued for breach of the insurance contract because they are not parties to the contract and thus owe no coverage obligations to the insured under the policy. *See Perry v. Allstate Indem. Co.*, 953 F.3d 417, 420 (6th Cir. 2020) (ordering dismissal of alleged parent holding company and related Allstate entities because they were not parties to insurance agreement); *Stanford Dental, PLLC v. Hanover Ins. Grp., Inc.*, 518 F. Supp.3d 989, 995 (E.D. Mich. 2021) (dismissing complaint against parent corporation, who was allegedly administering claims for the insurer and whose name appeared on letterhead of claim denial, holding there is no authority for the proposition that either simply administering claims or using the parent company's name makes the parent a party to the insurance contract); *accord Dye Salon, LLC v. Chubb Indem. Ins. Co.*, 518 F. Supp.3d 1004, 1009 (E.D. Mich 2021) (insured precluded from suing other Chubb entities that did not issue policy for breach of contract). Similarly, a plaintiff who is not a party to the insurance contract, and who fails to plead facts to identify the specific contract under which they claim privity with the insurer, has no rights under the contract and no standing to sue under the contract. *See Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 608 (E.D. Mich. 2017).

Here, the Policy is between Northfield and MI 32. Therefore, Travelers and IED are dismissed from Count I of the Complaint alleging Breach of Contract.

### C. Negligence

The second count of the Complaint is labeled "Negligence of Travelers/Northfield (Independent of the Policy/Contract) * Negligence of Doran * Third-Party Beneficiary * Spoliation of Evidence". (ECF No. 1, PageID.16.) MI 32 is described as the intended third-party beneficiary of "presently undisclosed contracts or agreements between Travelers and Northfield" for claim adjustment following the fire, and with Doran for post-fire excavation. (Comp. ¶¶ 46-47; ECF No. 1, PageID.17.)  The subsequent paragraphs address Defendants' duty of care, each referring to the "presently undisclosed contracts and agreements." (*Id*. at ¶¶ 48-55.) When a plaintiff brings a tort action based on a contract to which he is not a party, the Michigan Supreme Court has stated that the threshold question is "whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie." *Fultz v. Union-Com. Assocs.*, 470 Mich. 460, 467 (2004).

Here, Plaintiffs assert that Travelers owed a duty to them as intended third party beneficiaries of a contract between Travelers and Northfield and between Travelers and/or Northfield and Doran. Although the duties are described as being independent of the Policy, they are expressly based on another alleged contract. The Complaint, at paragraph 51(b), lists the various ways that Northfield and Travelers breached the "presently undisclosed contracts and agreements." Then, in paragraph 56, Plaintiffs conclude that the breach of these contract duties constitutes "wrongful conduct/negligence independent of [Defendants'] contractual/policy obligations."

6

Plaintiffs' characterization is insufficient to turn a contract claim into a tort claim. Whether a claim sounds in contract or in tort "is not to be resolved by mere allegation, but rather by analysis of whether the facts pled give rise to a legal duty in tort independent of breach of contract." *Rinaldo's Const. Corp. v. Michigan Bell Tel. Co.*, 454 Mich. 65, 82 (1997).

If the duties arise out of the contractual relationship, they do not state a claim in tort. Here, all the duties identified by Plaintiffs arise from alleged contracts Northfield entered with Travelers, and Travelers and/or Northfield entered with Doran. Plaintiffs allege those duties were performed negligently. However, Plaintiffs cannot state a valid negligence claim based solely on duties created by contracts. *See id*. at 83-84 ("[A]s Prosser puts it ... 'if a relation exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not.'") (citation omitted).

In its response to Defendants' motion for partial dismissal, Plaintiffs request leave to file an Amended Complaint to allege further causes of action. This includes a third-party beneficiary claim and a common law endangerment claim against Travelers for liability based on its delegation to Doran of the inherently dangerous activity of excavating into and within a fire damaged structure.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to complaints made before trial. The Rule provides that "[a] party may amend its pleading once as a matter of course within ... 21 days after serving it, or ... if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive

7

pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Plaintiffs did not file an amended complaint within 21 days of service of the original complaint. *See* Fed. R. Civ. P. 15(a)(1)(A). In addition, they did not amend their complaint within 21 days of the motion to dismiss, which was filed on March 17, 2025. In fact, Plaintiffs never filed an amended complaint. Rather, Plaintiffs purport to request leave to amend in their response to Defendants' motion for partial dismissal. (ECF No. 17, PageID.300.)

The Sixth Circuit has held that, "[a]s a general rule, a court considering a motion to dismiss "must focus only on the allegations in the pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). "If plaintiffs believe they need to supplement their complaint with additional facts to withstand [a motion to dismiss] ... they have a readily available tool: a motion to amend the complaint under Rule 15." *Id.* The Sixth Circuit expressly found that plaintiffs cannot "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Id.*; *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) "When seeking leave to amend, plaintiffs should instead file a proper motion to amend the complaint—separate from their response to the motion to dismiss—'accompanied [by] a memorandum identifying the proposed amendments' and a proposed amended complaint." *Lim v. Hightower*, No. 24-3960, 2025 WL 2965692, at

8

*14 (6th Cir. Oct. 21, 2025) (quoting *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000)).

Plaintiffs may not use the Court as a sounding board for the sufficiency of their claims, and they are "not entitled to an advisory opinion from the Court informing [them] of the deficiencies in the complaint and then an opportunity to cure those deficiencies." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010). For this reason, the Court will not consider claims and allegations that do not appear in the Complaint in considering the viability of Plaintiffs' causes of action. Plaintiffs' request for the opportunity to amend its Complaint to plead a third-party beneficiary claim based on undisclosed contracts and a strict liability based on work that is considered inherently dangerous or ultrahazardous activity is denied.

The same holds for Plaintiff's arguments regarding a claim for spoliation of evidence. Additionally, "it is well-established that neither Michigan nor federal law permit independent causes of action arising out of an alleged spoliation of evidence." *Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 372 F. Supp. 3d 709, 724 (N.D. Ind. 2019) (quoting *Dye v. City of Roseville*, 2014 WL 7184460, at *8 (E.D. Mich. Dec. 16, 2014) (collecting cases)).

For the reasons stated, Plaintiffs do not state a viable cause of action in tort. Therefore, Count II is dismissed in its entirety.

### D. Doran

Doran is not a party to the Policy and Plaintiffs do not assert a breach of contract claim against Doran. However, Plaintiffs do allege negligence by Doran in Count II. As

with Northfield and Travelers, Plaintiffs' negligence claim against Doran is based on alleged duties that arise out of contractual relationships, therefore such duties do not support a tort claim. Although Doran did not join in Defendants' motion for partial dismissal, the negligence claim stated against Doran fails for the same reason it fails against the moving Defendants. "Where a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it." *See Belser v. Alton*, No. 14-13848, 2015 WL 4488598, at *8 (E.D. Mich. July 23, 2015), *aff'd*, No. 15-2024, 2016 WL 11848552 (6th Cir. Oct. 4, 2016) (citing *Taylor v. Acxiom Corp.,* 612 F.3d 325, 340 (5th Cir. 2010) ("While the district court did dismiss sua sponte some defendants who did not join in the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants."); *Eriline Co., S.A. v. Johnson,* 440 F.3d 648, 655, n. 10 (4th Cir. 2006) ("Where a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it." (citing 5A Charles Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed.1990))). Therefore, the Court concludes that Plaintiffs fail to state a claim of negligence for which relief can be granted against Doran.

**II.     Motion for Partial Summary Judgment**

In their motion for partial summary judgment, Defendants argue that the final judgment in the Declaratory Judgment action decided every element of Plaintiffs' breach of contract claim in this companion case as to Northfield. In *Northfield Insurance Company v. Michigan 32, LLC*, Case No. 2:24-cv-12822, the Court held that (1) only MI

10

32 and Northfield were parties to the Policy on which the breach of contract claim herein is premised; (2) MI 32 breached a condition precedent to coverage under the Policy, triggering an exclusion which precludes all coverage for the fire loss; and (3) MI 32's material misrepresentations in its applications voided the Policy *ab initio*. Defendants maintain that the final judgment issued in the Declaratory Judgment action precludes Plaintiffs from relitigating their claim for breach of contract under the doctrine of res judicata.

Federal courts sitting in diversity apply the preclusion law of the state in which they sit. *Prod. Sols. Int'l, Inc. v. Aldez Containers, LLC*, 46 F.4th 454, 458 (6th Cir. 2022). Under Michigan law, res judicata applies when "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id*. (citing *Adair v. State*, 470 Mich. 105, 121 (2004)).

This Court's Opinion and Order in the Declaratory Judgment action, granting summary judgment to Northfield and resolving the parties' insurance contract dispute (Case 24-12822, ECF No. 11, PageID.448), along with the judgment effectuating that decision (*Id*. at ECF No. 12, PageID.459) constitute a final decision on the merits. *Hall v. Meisner*, 565 F. Supp. 3d 928, 942 (E.D. Mich. 2021), *aff'd*, 51 F.4th 185 (6th Cir. 2022) (citing *ABB Paint Finishing v. Nat'l Fire Ins.*, 223 Mich. App. 559 (1997)). The fact that MI 32 filed a Notice of Appeal in the Declaratory Judgment action does not affect the finality of the judgment in that case. "The rule in Michigan is that a judgment pending

11

on appeal is deemed res judicata." *City of Troy Bldg. Inspector v. Hershberger*, 27 Mich. App. 123, 127 (1970) (citing 14 Michigan Law & Practice Judgment, § 176, p. 620).

Next, this action and Northfield's Declaratory Judgment action involve MI 32 and Northfield and arise from the same transaction or series of transactions. While Plaintiffs chose to assert breach of contract in a second action, rather than filing a counterclaim in the Declaratory Judgment action, for purposes of res judicata the relevant issue is whether the matter in the second litigation could have been resolved in the first litigation. *Dart v. Dart*, 460 Mich. 573, 586 (1999) (Michigan courts "have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.") Here, the companion cases arise out of the same fire, the same claim for proceeds under the same Policy, the same claim denial issued by Northfield, and Northfield's rescission of the Policy and declaring it void *ab initio*. Plaintiffs could have brought their breach of contract claim as a counterclaim in the Declaratory Judgment action. Both actions turn on the same facts and legal questions, which were fully determined in the Declaratory Judgment action. MI 32's breach of contract claim in the present action, that it is entitled to recover under the Policy for damage due to fire, was fully litigated and was actually resolved in the Declaratory Judgment action.

This Court issued a final judgment on the merits in the Declaratory Judgment action which declared that MI 32 is not owed any duties or proceeds under the Policy and that the Policy was properly rescinded and is void *ab initio*. Rescission abrogates a contract and restores the parties to the relative positions they would have occupied if

the contract had never been made. *C-Spine Orthopedics, PLLC v. Progressive Michigan Ins. Co.*, No. 165537, 2025 WL 1840435, at *19 (Mich. July 3, 2025) (citing *Wall v. Zynda*, 283 Mich. 260, 264-265 (1938)). A "[v]oid contract" is similarly defined as: "[a] contract that does not exist at law; a contract having no legal force or binding effect.... [S]uch contract creates no legal rights and either party thereto may ignore it at his pleasure, insofar as it is executory." *Epps v. 4 Quarters Restoration LLC*, 498 Mich. 518, 537 (2015). Simply put, a contract which has been deemed to have never existed cannot be breached.

For these reasons, summary judgment on Plaintiffs' Count I breach of contract claim is GRANTED.

## CONCLUSION

For the reasons stated above, Defendants' motion for partial dismissal (ECF No. 11) of Count I is GRANTED as to Travelers and IED and of Count II is GRANTED as to all Defendants. Defendants' motion for partial summary judgment on Count I pursuant to the doctrine of res judicata (ECF No. 25) is GRANTED as to Northfield.

Plaintiffs' complaint is DISMISSED with prejudice, in its entirety.

So ordered.

Dated:  December 3, 2025

                                       s/ Nancy G. Edmunds
                                       NANCY G. EDMUNDS
                                       UNITED STATES DISTRICT JUDGE